IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMA K. O., | ) |
|     Plaintiff, | ) No. 22 C 2228 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Emma K. O. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

## Background

On October 5, 2018, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 13-26, 73-106.) The Appeals Council declined review (R. 1-3), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since October 5, 2018. (R. 15.) At step two, the ALJ found that plaintiff has the severe impairments of bipolar disorder, depression, post-traumatic stress disorder, borderline personality disorder, generalized anxiety disorder, history of substance use, and obesity. (R. 16.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform work at all exertional levels with certain exceptions. (R. 19-24.) At step five, the ALJ found that jobs exist in

significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 25-26.)

Plaintiff contends that the ALJ incorrectly concluded that plaintiff does not have an impairment or combination of impairments that meets or equals listing 12.04 (depressive, bipolar, and related disorders), listing 12.06 (anxiety and obsessive-compulsive disorders), listing 12.08 (personality and impulse-control disorders), or listing 12.15 (trauma- and stressor-related disorders). To meet any of those listings, plaintiff must have an extreme limitation in one or a marked limitation in two of the four paragraph B criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* Adult Listing 12.00A(2)(b), *available at* https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Mar. 2, 2023). Plaintiff has a mild limitation in one of these areas if "[her] functioning in th[e] area independently, appropriately, effectively, and on a sustained basis is slightly limited." Adult Listing 12.00F(2), *available at* https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited Mar. 2, 2023). Plaintiff has a moderate limitation in one of these areas if "[her] functioning in th[e] area independently, appropriately, effectively, and on a sustained basis is fair." *Id.* Plaintiff has a marked limitation in one of these areas if "[her] functioning in [the] area independently, appropriately, effectively, and on a sustained basis is seriously limited." *Id.* Plaintiff has an extreme limitation in one of these areas if "[she is] not able to function in th[e] area independently, appropriately, effectively, and on a sustained basis." *Id.* The ALJ found that plaintiff has a mild limitation in understanding, remembering or applying information and a moderate limitation in interacting with others, concentrating, persisting or maintaining pace, and

adapting or managing herself. (R. 16-18.) Plaintiff says these findings are not supported by the evidence.

Plaintiff's argument rests largely on the May 26, 2021 statement of Dr. Goldstein, a psychiatrist who treated plaintiff from 2014-16 and resumed treating her in April 2021. (R. 902.) Among other things, Dr. Goldstein said that plaintiff's impairments would cause her to be off task more than thirty percent of a workweek and to miss more than six workdays per month. (R. 904.) But the ALJ rejected Dr. Goldstein's opinion:

> Dr. Goldstein reports that she treated the claimant several years prior to the alleged onset date. She had only resumed treatment with the claimant one month prior to the time her opinion was issued. Therefore, she is not well suited to opine as to the claimant's longitudinal functioning during the relevant period. While the medical evidence supports some limitation, as discussed above, the more extreme limitations alleged by Dr. Goldstein lack medical support. The claimant's treatment has generally been consistent, without reports of any psychiatric hospitalizations. The degree of limitation alleged is inconsistent with Dr. Goldstein's own treatment records, which show minimal objective abnormality and minimal to moderate progress towards the claimant's goals (17F). In fact, contemporaneous treatment records show that the claimant was feeling better with no panic attacks and no irritability or mood swings (17F/17). Much of Dr. Goldstein's explanation focuses on possible symptoms and medication side effects, rather than on the actual symptoms or side effects experienced by the claimant. Moreover, she indicates that the claimant can manage benefits, which appears inconsistent with the extreme limitations alleged. Based on the above, the undersigned finds that Dr. Goldstein's opinion is not persuasive.

(R. 23.)

Plaintiff contends that the ALJ's assessment of Dr. Goldstein's opinion is not supported by the evidence. The Court agrees. First, the ALJ said Dr. Goldstein treated plaintiff prior to plaintiff's alleged disability onset date, but the doctor first treated plaintiff in 2014, two years after the December 1, 2012 onset date recited by the ALJ. (R. 13, 902.) Second the ALJ said there are no reports of psychiatric hospitalizations when, in fact, there are medical records showing plaintiff was a psychiatric inpatient in 2015, 2016, and 2017. (*See* R. 440-68, 471-96,

4

499-532.) The ALJ also said, incorrectly, that Dr. Goldstein's records show minimal objective abnormalities. (*See* R. 958 (stating that plaintiff had rapid speech and was depressed/sad and anxious); R. 960 (stating that plaintiff had rapid speech and an anxious mood); R. 963 (stating that plaintiff's speech was monotone, behavior was agitated, and mood was anxious); R. 967 (stating that plaintiff's mood was intense and anxious and she had passive suicidal ideations); R. 969 (stating that plaintiff's speech was rapid, she was agitated, and she was "not currently able to function"); R. 971 (stating that plaintiff was anxious and irritable); R. 973 (stating that plaintiff's speech was rapid and she was agitated and anxious).) Further, though Dr. Goldstein once noted that plaintiff was doing much better, in the same record, she said that plaintiff was unable to function in work or school. R. 969. Moreover, the ALJ's assertion that, "[m]uch of Dr. Goldstein's explanation focuses on possible symptoms and medication side effects, rather than on the actual symptoms or side effects experienced by the claimant," is also incorrect. Though Dr. Goldstein speculated about the medication side effects plaintiff may suffer, she reported the symptoms and limitations that plaintiff actually has not those she could have. (*See* R. 902-06.) In short, the ALJ's rejection of Dr. Goldstein's opinion is not supported by substantial evidence. Because the ALJ's paragraph B findings may have been different if she had credited Dr. Goldstein's opinion, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [14], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:  March 3, 2023**

**M. David Weisman**
**United States Magistrate Judge**